IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:10-183-JFA |
| ) | |
| v. ) | MEMORANDUM |
| ) | OPINION AND ORDER |
| ROBERT POPE ) | |
| _____ ) | |

This matter is before the court on the defendant's *pro se*[1] motion for relief pursuant to Section 404(b) of the First Step Act of 2018 (ECF No. 83).

The government and the defense counsel jointly request that the court amend the defendant's sentence from 240 months to 140 months, and the defendant consents to such reduction (ECF No. 96).

The government submits that the defendant is entitled to relief under the First Step Act and *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). A review of the defendant's Presentence Report (PSR) (ECF No. 48) reveals that a 1:1 application of crack cocaine would give the defendant a new guideline sentencing range of 140 to 175 months. As a result of the government's concession, the defendant has agreed not to challenge his sentence on any other basis to include challenging his § 851 enhancements.

This court has reviewed the § 3553(a) factors stated by this court at the original sentencing and in the PSR, and finds the parties' request appropriate. For the reasons which follow, the defendant's motion is granted (ECF No. 83).

---

[1] Although the defendant filed his motion *pro se*, Assistant Federal Public Defender Kathy Evatt has made an appearance as counsel for the defendant.

The First Step Act of 2018 was signed into law on December 21, 2018.[2] One of the changes in the Act relates to the Fair Sentencing Act of 2010[3] which, among other things, reduced statutory penalties for cocaine base ("crack") offenses.[4] Specifically, § 404 of the First Step Act retroactively applies the reduced penalties under the Fair Sentencing Act to "covered offenses" committed *before* August 3, 2010.

The court that imposed a sentence for a covered offense may on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or the attorney for the government, impose a reduced sentence as if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. A court may not entertain a motion to reduce a sentence if the sentence was previously imposed or reduced in accordance with the amendments made by the Fair Sentencing Act of 2010 or if a previous motion to reduce the sentence was denied after a complete review of the motion on the merits. Finally, nothing in the Act shall be construed to require a court to reduce any sentence based on the Act's retroactive application of the Fair Sentencing Act of 2010.

---

[2] Pub. L. 115-015 (S. 756), 132 Stat. 015 (enacted Dec. 21, 2018).

[3] Pub. L. 111-220; 124 Stat. 2372 (2010).

[4] Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison).

## I. BACKGROUND

The defendant pleaded guilty in February 2011 to conspiring to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The offense concluded on March 31, 2009. The government filed an Information notifying the defendant that he was subject to enhanced penalties pursuant to 21 U.S.C. § 851.

The PSR determined the defendant's base offense level was 33, with a criminal history category of V. On June 30, 2011, this court granted a variance pursuant to 18 U.S.C. § 3553(a) to address the cocaine/crack cocaine disparity and ultimately sentenced the defendant to 240 months imprisonment (the statutory mandatory minimum), with a 10-year term of supervised release.

The defendant has received credit for time served since July 14, 2010.

The PSR noted that granting a variance to account for a 1:1 crack to cocaine ratio would reduce the defendant's otherwise calculated guideline range to 140 to 175 months. The government recommends that the court reduce the defendant's sentence from 240 to 140 months.

As it is clear that the defendant was convicted of a covered offense,[5] and the government concedes that the defendant is eligible for a reduction, this court will proceed to determine the question of whether an adjustment to the defendant's sentence is appropriate

---

[5] In *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), the Fourth Circuit clarified what constitutes a "covered" offense, and made clear that a defendant in a "dual drugs" (i.e., powder and crack cocaine) case is eligible to file a First Step Act motion because one of the offenses of conviction was a "covered" offense under the First Step Act.

in this case.

It does not automatically follow, however, that the sentence must be reduced. Indeed, the First Step Act indicates, in two different sections, that any relief awarded is discretionary with the sentencing court. Under § 404(b) of the First Step Act, the court "may," but is not required to, grant statutory relief. The discretionary nature of the relief is further emphasized in § 404(c) of the First Step Act. Building on the "may" language in § 404(b), this section provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.

## II.  DISCUSSION

Once the court has determined the new statutory range under the Fair Sentencing Act and the new guideline, it may then consider the statutory factors under 18 U.S.C. § 3553(a) and any post sentencing conduct to impose a sentence which is sufficient, but not greater than necessary by considering, in part:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; . . . the kinds of sentences available . . . and the sentencing range establish[ed] for the . . . offense committed . . . as set forth in the [G]uidelines[.]

18 U.S.C. § 3553(a).

4

Addressing the § 3553 factors, the court finds the following:

1. *Nature and Circumstances of the Offenses*

The defendant pleaded guilty to conspiracy to posses with intent to distribute and distribution of 5 kilograms or more of cocaine or 50 grams or more of cocaine base. He was held accountable for 191,489.2 kilograms of marijuana for the purpose of establishing his base offense level.

2. *History and Characteristics of the Defendant*

The defendant has three prior felony drug convictions set out in the PSR. In his *pro se* motion, the defendant contends that he is factually innocent of his sentence enhancement under 21 U.S.C. § 851 in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). However, because the defendant has agreed not to challenge his sentence on this issue, the court will not address this matter.

Regarding history and characteristics of the defendant, the court adopts the undisputed facts contained in the PSR from the defendant's original sentencing.

3. *Post-Sentencing Conduct*

Neither the government, nor the defendant have provided any information with regard to the defendant's post-sentencing conduct.

4. *Seriousness of Crimes*

The court regards the defendant's crime as serious, fully supportive of a significant sentence.

5. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the*

*Offenses*

The court finds a significant sentence is necessary to promote respect for the law and just punishment.

6. *Whether the Sentence Affords and Adequate Deterrence to Criminal Conduct*

The court finds that a significant sentence is necessary to provide both general and specific deterrence.

7. *Whether the Sentence Protects the Public from Further Crimes of the Defendant*

The court finds that a significant sentence is necessary to protect the public from further crimes of the defendant.

## IV. CONCLUSION

In light of the foregoing, this court has concluded that a sentence of 140 months is appropriate in this case. Having calculated and considered the advisory sentencing guidelines, the relevant statutory sentencing factors under 18 U.S.C. § 3553(a), the recently adopted provisions of the First Step Act, and the full record in this matter, it is the judgment of the court that the defendant, Robert Pope, is hereby committed to the custody of the Bureau of Prisons for a period of 140 months.

The court finds this sentence sufficient, but not greater than necessary when considering all of the factors under § 3553(a).

The defendant's term of supervised release remains at 10 years, and all of the mandatory and special conditions of supervised release and the original judgment remain in place.

Accordingly, the defendant's motion (ECF No. 83) is granted as set out in this order.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 22, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge